■    In the Matter of ALBERTHA HALL et al., Appellants, v MUNICIPAL HOUSING AUTHORITY FOR THE CITY OF YONKERS, Respondent. In the Matter of DRUCILLA PAYTON, Appellant, v MUNICIPAL HOUSING AUTHORITY FOR THE CITY OF YONKERS, Respondent.—In consolidated proceedings pursuant to CPLR article 78, *inter alia,* (1) to review determinations of the respondent housing authority which terminated petitioners' public housing tenancies and (2) for declaratory relief with respect to petitioners' rights to receive notices of hearings, the appeals are from two judgments (one in each proceeding) of the Supreme Court, Westchester County, both entered January 20, 1977, each of which dismissed the petitions, confirmed the determinations and declared that none of the petitioners' rights had been violated by the actions of respondent with respect to the termination of their tenancies. Judgments affirmed, without costs or disbursements. The stays contained in the order of this court, dated February 28, 1977, are hereby vacated. Petitioners are tenants in public housing projects owned and operated by the respondent. They were notified of informal conferences relative to their violations of a lease clause allowing termination of the tenancy for "serious or repeated interference with the rights of other tenants, serious or repeated damage to the premises, creation of physical hazards". The petitioners did not attend the informal meeting; they were then advised that, under the grievance procedure, they had the right to demand a hearing with respect to the charges. Subsequent to the failure of any of the petitioners to demand such a hearing, they were notified that respondent had elected to terminate their tenancies, the notice again reciting the charges. Petitioners contend that the notices were violative of due process and statutory requirements as no specific acts were set forth in the charges. It is clear that due process affords public housing tenants the rights of notice and an opportunity to be heard *(Escalera v New York City*

*Housing Auth.,* 425 F2d 853, cert. den. 400 US 853; *Matter of Vinson v Greenburgh Housing Auth.,* 29 AD2d 338, affd 27 NY2d 675). Furthermore, section 156-c of the Public Housing Law requires an authority to "incorporate into a written notice of termination of a lease the specific grounds upon which it has made its determination for termination." The petitioners were notified of lease violations of the clause governing safety, damage and the rights of other tenants. This was sufficient to apprise them of the general nature of the charges against them and the possible action which could be taken. If they had pursued the grievance procedures available to them they would have had an opportunity to discover the specifics of the charges, refute, confront and cross-examine witnesses and be represented by counsel. The petitioners were given adequate notice and an opportunity to be heard; due process and the pertinent statutes require no more. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.