## (January 27, 1983)

■ In the Matter of CLAUDIA CHASE, Appellant, v BINGHAMTON HOUSING AUTHORITY, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Keane, J.), rendered July 10, 1981 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Board of Review of the Binghamton Housing Authority. A fire occurred in the bedroom of an apartment petitioner leased from the Binghamton Housing Authority. It was started by her six-year-old son. Two days later, she was served with an eviction notice directing her to vacate the premises by June 30, 1980. The notice stated the following reason for the eviction: "NON-DESIRABILITY: Jeopardizing the safety and welfare of other project tenants and causing damage to residential building owned by the landlord, the Binghamton Housing Authority." Petitioner requested and was afforded a full hearing which was held on July 14, 1980. The Board of Review of the Binghamton Housing Authority (board) ruled that her eviction was not arbitrary, capricious, malicious or prejudicial. This CPLR article 78 proceeding followed and Binghamton City Court eviction proceedings were stayed pending its determination. Special Term, in denying petitioner's application to annul the determination, found that the board's decision was based on rational grounds. Petitioner appeals. The judgment of Special Term should be reversed, the petition granted, and the determination of the board annulled. The hearing held before the board did not comport with due process standards. The determination made by the board is not supported by substantial evidence. A recipient of public assistance must be given timely and adequate notice detailing the reasons for a proposed termination and effective opportunity to defend the charges (*Goldberg v Kelly,* 397 US 254). Low-rent housing is a basic human need (*Matter of Vinson v Greenburgh Housing Auth.,* 29 AD2d 338, 340, affd 27 NY2d 675) and an interest to which due process rights apply (*Escalera v New York City Housing Auth.,* 425 F2d 853, cert den 400 US 853;

*Matter of Hines v New York City Housing Auth.*, 67 AD2d 1000). Specific grounds constituting the basis for termination of a public housing authority tenancy must be stated in the written eviction notice (Public Housing Law, § 156-c). Adequate notice, including consistency in the grounds relied upon for agency action, is a prerequisite to valid termination of public assistance (*Cruz v Lavine,* 45 AD2d 720). The Binghamton Housing Authority had a known policy of initiating an eviction whenever a fire report indicated a child-started fire had occurred. It was logical for petitioner to assume the "Possession" notice she received two days after the fire was based on that fire. However, it was not until summation during her hearing that a "propensity and fascination for fire" on the part of her son, negligence and lack of responsibility on the part of petitioner were alleged as reasons for the eviction. She was given no warning that she must meet these additional allegations. The decision to evict was based primarily on these additional charges. The hearing, therefore, was conducted on improper notice and the grounds for the final decision were in "material variance" from those reasonably inferable from the notice. Petitioner was thus deprived of her due process rights. We next turn to a consideration of the merits of the determination of the board. The standard for review is whether the determination was supported by substantial evidence upon the whole record (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222). The record reveals, as previously noted, that the board based its decision on findings that petitioner's son had a propensity for fire, that petitioner was negligent regarding this alleged propensity, and that petitioner was not a responsible tenant. However, there is insufficient evidence in the record to support these findings. To the contrary, petitioner's testimony indicates that while her six-year-old son was with those involved in making fireballs on a prior occasion, it was the nine- and 10-year-old children "who were doing everything, causing or making the fireballs". No pattern of activity was shown to support the conclusion her six-year-old son had a "propensity and fascination for fire". There was also proof that petitioner did take steps to limit her son's access to matches, and that she disciplined him in that regard as needed. Furthermore, it appears that the finding that petitioner was not a responsible tenant was based on nothing more than uncorroborated hearsay insufficient to constitute substantial evidence (*Matter of Hines v New York City Housing Auth.,* 67 AD2d 1000, *supra; Matter of Ayala v Toia,* 59 AD2d 739). In view of our decision herein, we need not discuss the other issues raised by the parties on this appeal. Judgment reversed, on the law and the facts, with costs, petition granted and determination of the Board of Review of the Binghamton Housing Authority annulled. Casey, J. P., Mikoll, Weiss and Levine, JJ., concur.

Yesawich, Jr., J., concurs in part and dissents in part in the following memorandum. Yesawich, Jr., J. (concurring in part and dissenting in part). While I agree that the board's determination is unsupported by substantial evidence, I am unable to subscribe to the majority's declaration that due process was denied. The incident giving rise to this proceeding was a fire caused by petitioner's six-year-old son, just two days before the notice of eviction was served. Since petitioner had no previous difficulties with the Binghamton Housing Authority, surely she was aware then that the boy's background was to be an area of inquiry. That she had timely and adequate notice that the child's conduct was to be a critical issue and a proposed basis for terminating the tenancy is apparent from her counsel's statement, made at the very outset of the hearing, that he would demonstrate that neither petitioner nor the child posed a "continuing threat of danger". Had she not been apprised of the nature of the evidence against her, an adjournment to enable her to

effectively defend would certainly have been requested, and, at the very least, at some stage in the proceeding an objection would have been directed at the form of the notice. An adjournment was not sought and the notice, as well as the reference in summation to the child's propensity for fire, a characterization of petitioner's direct testimony, were unobjected to. In my view, adequate notice was furnished and an opportunity to be heard provided; no more was required for due process to be served (*Matter of Hall v Municipal Housing Auth. for City of Yonkers,* 57 AD2d 894; mot for lv to app den 42 NY2d 805, app dsmd 42 NY2d 973).