■ In the Matter of CARLOS GARCIA, Petitioner, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Clinton County) to review a determination of the Commissioner of the Department of Correctional Services finding that petitioner was guilty of violating certain disciplinary rules. ¶ Petitioner, an inmate at Clinton Correctional Facility, was served with a misbehavior report signed by Correction Officer Johnson which charged him with violations of two rules of that facility prohibiting "assaults" and "any interference with an employee". Johnson's report described his having been engaged in pursuit of another inmate in the prison yard and, while coming down a flight of stairs, being struck in the back by petitioner and then struggling with him. They tumbled down the stairs, resulting in petitioner breaking free of his grasp and fleeing. According to the report, Johnson's attention at that point turned back to the other inmate he had been pursuing. Johnson further stated that after that inmate was apprehended, he saw petitioner in the prison yard, obtained his identification from his facility identification card and then apprehended him. ¶ At the ensuing disciplinary hearing, Johnson's report was read to petitioner, who responded by denying that it was he who had attacked the officer. He explained that he was present in the yard when a disturbance occurred and was walking up a flight of stairs

to the "hill" to participate in a religious service. There was a crowd of men coming down the hill at that point and to avoid them, he came down the hill where he was apprehended by Johnson. Petitioner stated that he had been coming from work with fellow inmate Juan Gomez when the incident occurred. He, accordingly, requested that Gomez be allowed to testify on his behalf. The hearing officer asked petitioner what he expected Gomez to say. Petitioner stated that he expected Gomez to say that he was standing at the top of the stairs waiting for petitioner, who was at the bottom, and that petitioner did not grab the officer. The hearing officer granted petitioner's request; however, he explained to petitioner that said testimony would not be taken in petitioner's presence (see 7 NYCRR 254.5 [b]). ¶ Gomez testified in petitioner's absence but his testimony was tape recorded. Gomez testified that he and petitioner came from work and saw a fight. He stated that they went up the stairs together side by side. Then one of the officers came up to petitioner and apprehended him, claiming that he had thrown a rock. Gomez testified that they had been going up the stairs to avoid getting hit by flying rocks. The taped testimony was played for petitioner, who offered no explanation for the discrepancy between his testimony and Gomez's. ¶ The hearing officer sustained the charges and after adverse administrative review, petitioner initiated this CPLR article 78 proceeding. ¶ Petitioner was not denied his right to call a witness (7 NYCRR 254.5 [a]). Rather, pursuant to 7 NYCRR 254.5 (b), petitioner's witness was simply not allowed to testify in his presence. Accordingly, petitioner's allegations here are not that the witness was not called, but rather center around the fact that he was not allowed to confront the witness, whose testimony did not coincide with petitioner's testimony. ¶ 7 NYCRR 254.5 (b) provides that: "Any witness shall be allowed to testify at the hearing in the presence of the inmate unless the hearing officer determines that so doing will jeopardize institutional safety or correctional goals. Where an inmate is not permitted to have a witness present, such witness may be interviewed out of the presence of the inmate and such interview tape recorded. The recording of the witness' statement is to be made available to the inmate at the hearing unless the hearing officer determines that so doing would jeopardize institutional safety or correctional goals." This procedure, which complies with *Wolff v McDonnell* (418 US 539, 566), was followed here.[*] Furthermore, it should be noted that petitioner did not object to this procedure and the record reveals that, under the circumstances of this case, there existed a sound basis for not allowing petitioner to be present while his witness testified. ¶ Next, we conclude that the record contains substantial evidence to support the hearing officer's determination (cf. *Matter of Eagle v Paterson*, 57 NY2d 831; *Matter of Di Maria v Ross*, 52 NY2d 771). The correction officer's report provided a detailed description of the incident and, by the description of the incident, it is apparent that the officer had a good opportunity to observe his attacker. The determination should, therefore, be confirmed. ¶ Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey and Mikoll, JJ., concur.

Weiss and Levine, JJ., dissent and vote to annul in a memorandum by Levine, J. Levine, J. (dissenting). In our view, the determination must be annulled because the record fails to contain adequate justification for denying petitioner his constitutional right to call witnesses in his own behalf and for

* *Wolff v McDonnell* (418 US 539, 566-569, *supra*) specifically left the question of confrontation and cross-examination of witnesses to "the sound discretion of the officials of state prisons". The Supreme Court expressly rejected the contention that it was a due process right. As this court has stated, petitioner is entitled to be present *or* to receive a tape (*Matter of Tolden v Coughlin*, 90 AD2d 929). Here he listened to the tape of his witness's testimony and was given an opportunity to comment upon its contents.

the inadequacy of the proof sustaining the charges. Regarding the first of these grounds, *Wolff v McDonnell* (418 US 539, 566) explicitly includes as a due process requirement the right of a prison inmate who is facing disciplinary sanctions to *call* witnesses in his own defense *at the hearing,* unless to do so would be *"unduly* hazardous to institutional safety or correctional goals" (emphasis added). We are unable to understand how the majority concludes that this right was honored here. The hearing officer summarily denied petitioner's request to call inmate Gomez as a witness, without any explanation whatsoever being given in the administrative record. The administrative regulation relied upon by the majority expressly distinguishes between the *calling* of a witness to *testify* at the hearing and *interviewing* such witness out of the presence of the accused inmate (see 7 NYCRR 254.5 [b]). Once a request has been made to call a witness to testify, resort to the latter procedure is only permitted if *"the hearing officer determines* that [calling the witness] will jeopardize institutional safety or correctional goals" (7 NYCRR 254.5 [b] [emphasis added]). No such determination was ever made on the record by the hearing officer here, and thus the regulation itself was not complied with. ¶ On the other hand, the record does clearly disclose the potential prejudice to petitioner in not being able to hear Gomez's testimony when it was given and to have the opportunity to pose questions. The hearing officer sustained the charges at least partly in reliance on variations in petitioner's and Gomez's descriptions of where each was located as the incident unfolded. Apart from whether the apparent discrepancy in the two versions was alone sufficient to discount entirely their unanimity in exculpating petitioner, it is clear that in being denied the right to call Gomez as a witness, petitioner was effectively precluded from possibly removing or explaining the inconsistent elements of their stories. Without an adequate basis in the record to justify this infringement of a fundamental right, petitioner was deprived of meaningful judicial review to determine whether the case came within the exceptions noted in *Wolff v McDonnell (supra).* This reason alone justified annulment of the determination (*Hayes v Thompson,* 637 F2d 483, 488; *Powell v Ward,* 487 F Supp 917, 929, mod on other grounds 643 F2d 924, cert den 454 US 832; *People ex rel. Selcov v Coughlin,* 98 AD2d 733). Nor was this requirement satisfied by the affidavit of the correction facility's deputy superintendent, submitted after the fact in response to the instant petition, and containing little more than a rationalization for the denial based essentially on general facility security policy considerations and not on any particular security risk involving petitioner (see *Hayes v Thompson, supra*). Judicial review of an administrative determination is limited to the record before the agency (*Matter of Jennings v Coughlin,* 99 AD2d 635). ¶ Annulment is also required because the determination is unsupported by substantial evidence. Concededly, the only evidence submitted to support the charges consisted of the written report of Correction Officer Johnson, wherein he merely stated flatly that it was petitioner who had attacked him from behind, wrestled him down the stairs and broke free, after which Johnson immediately turned his attention to apprehending another inmate. This apparently occurred during a melee in the yard attended by over 1,000 inmates. Both petitioner and his witness unequivocally claimed this was a case of misidentification, and the circumstances surrounding the entire incident and petitioner's arrest certainly do not dispel the possibility that such occurred. We need not here decide whether the "liberty interest" of a prison inmate in a disciplinary hearing prevents an unsworn hearsay report from forming the sole basis for disciplinary sanctions, although in general administrative determinations need not be supported by a legal residuum of evidence (see *Matter of Jones v Smith,* 120 Misc 2d 445, 451, affd 101 AD2d 705; cf. *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180, n). It is

sufficient for us to conclude that petitioner has raised a genuine issue of fact concerning misidentification and that, without further evidence of a sound basis for Officer Johnson's identification, the reasonableness of the resolution of that controverted issue against petitioner cannot be assessed sufficiently to satisfy the substantial evidence test (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra,* pp 180-181; *Matter of Chase v Binghamton Housing Auth.,* 91 AD2d 1147, 1148; *Matter of Ray v Blum,* 91 AD2d 822). ¶ Accordingly, the determination should have been annulled and the petition granted.