■ In the Matter of LARRY SAPP, Petitioner, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents. — Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain disciplinary rules.

This appeal stems from respondent Commissioner of Correctional Services affirmance of a hearing officer's determination that, on January 18, 1984, petitioner assaulted a correction officer while an inmate at Clinton Correctional Facility and

admitted by a psychiatrist to the facility's mental observation unit. At the Superintendent's proceeding held on February 5, 1984, the hearing officer noted that the Commissioner had approved postponing the hearing until six days after petitioner's release from observation; the record indicates that a request extending the time to hold this hearing was granted January 20, 1984. Petitioner registered no objection to this delay. At the hearing, held within six days after petitioner was released from observation, the hearing officer then read petitioner the misbehavior report written by the allegedly assaulted correction officer and endorsed by another correction officer, neither of whom was called to testify. Only petitioner testified, and he unequivocally denied the allegations. Subsequently, petitioner was found guilty of the charge and a penalty was imposed of 180 days keeplock, with a comparable loss both of good time credit and institutional privileges.

Initially, it is claimed that the Superintendent's proceeding was untimely as it was not commenced within seven days of petitioner's confinement on the charges. Although it may be, as petitioner urges, that absent exigent circumstances, principles of due process require that a Superintendent's proceeding be commenced within seven days of the inmate's initial confinement (*Powell v Ward,* 542 F2d 101, 104; *Majid v Henderson,* 533 F Supp 1257, 1272), the fact remains that procedural due process was afforded here since permission to adjourn the hearing was sought and obtained from the Commissioner (*cf. Powell v Ward supra; Matter of Allison v Wilmot,* 101 Misc 2d 632, 634). Ample justification to confine petitioner for psychiatric observation, as well as for the Commissioner's decision to delay the Superintendent's proceeding, is contained in affidavits and medical records annexed to the answer in this proceeding (*Matter of Collazo v Wilmot,* 75 AD2d 655, 656). Had respondents been put to the task of meeting their burden of establishing that a reasonable medical basis existed as to why petitioner was confined to a mental observation cell, given that he was then incapable of attending and participating at his hearing and that exigent circumstances warranting a delay obtained (*Matter of Estades v Coughlin,* 101 AD2d 299), that burden obviously would have been met.

Regarding the suggestion that substantial evidence to support the hearing officer's determination is lacking, this court has *recently* reaffirmed an earlier conclusion that an unsworn hearsay report by a correction officer having direct knowledge of the disciplinary incident involved may be sufficient (*see, Matter of Burgos v Coughlin,* 108 AD2d 194; *Matter of Garcia v LeFevre,*

102 AD2d 1004, *revd on other grounds* 64 NY2d 1001). The instant case being indistinguishable from *Matter of Garcia v LeFevre* (*supra*), a confirmance is appropriate.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Mikoll, and Yesawich, Jr., JJ., concur; Levine, J., concurs in a separate memorandum.

Levine, J. (concurring). Since the Court of Appeals in *Matter of Garcia v LeFevre* (64 NY2d 1001) did not reach the dispositive issue in the instant case, the position of the majority in our *Garcia* decision (102 AD2d 1004) still controls. Therefore, I am constrained to concur.