◼ In the Matter of ANGELO CORTEZ, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Appellant.—Kane, J. Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered May 8, 1985 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating certain disciplinary rules.

At issue on this appeal is whether there was a rational basis for the determination to exclude petitioner from his administrative disciplinary hearing during the testimony of inmate witnesses. In view of the long history of assaultive and disruptive behavior on the part of petitioner and the witnesses involved, all residents of the special housing unit, we conclude

that their exclusion was proper, as the inmates' misbehavior reports and the disciplinary records of the witnesses demonstrate a rational basis for the determination made, and that the presence of petitioner, together with his respective witnesses, would jeopardize institutional safety and correctional goals (*cf. People ex rel. Bradley v Smith*, 115 AD2d 224). We further find that the record demonstrates that petitioner was informed of the reasons for this determination and that a tape recording of the witnesses' statements was made available to petitioner (7 NYCRR 254.5 [a], [b]; *see, Matter of Garcia v LeFevre*, 64 NY2d 1001).

Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.

Levine, J., concurs in a separate memorandum. Levine, J. (concurring). Inasmuch as the Court of Appeals in *Matter of Garcia v LeFevre* (64 NY2d 1001, *revg* 102 AD2d 1004) did not reach what I consider to be the dispositive issue in the instant case, namely, whether respondents could justify by evidence submitted for the first time in their answer to the petition the refusal of prison authorities to permit petitioner to be present during testimony of inmate witnesses, the position of the majority in our *Garcia* decision (102 AD2d 1004) still controls (*see also, Matter of Sapp v LeFevre*, 111 AD2d 483). Therefore, I am constrained to concur.