In the Matter of BOARD OF EDUCATION OF PLEASANTVILLE UNION FREE SCHOOL DISTRICT, Appellant-Respondent, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents-Appellants.

Third Department, December 10, 1987

APPEARANCES OF COUNSEL

*Wilson, Bave, Conboy & Bave, P. C. (Paul Martinson* and *Murray Steyer* of counsel), for appellant-respondent.

*James H. Whitney (Mary Ellen Lorini* of counsel), for Gordon M. Ambach, respondent-appellant.

### OPINION OF THE COURT

MAHONEY, P. J.

In August 1972, petitioner appointed respondent James Riendeau to the position of middle school principal. Riendeau subsequently acquired tenure in that position. In June 1981, petitioner adopted a resolution creating the position of director of special services and facilities and transferred Riendeau to that position effective July 1, 1981. Charles Wright was transferred pursuant to the resolution to the position of middle school principal. Riendeau's duties as director of special services and facilities were less than those required by his prior position of middle school principal. In fact, Riendeau's duties were progressively lessened during the 1983-1984 school year and ultimately limited to maintenance of school district facilities.

On June 19, 1984, pursuant to a plan to restructure the

administration of the school district, the position of middle school principal was abolished. Neither the plan nor the resolution abolishing the position of middle school principal mentioned the position of director of special services and facilities. Thereafter, Riendeau was notified by petitioner that since the position of middle school principal had been abolished and since he was the least senior middle school principal, his service was being terminated.

On July 17, 1984, pursuant to an appeal by Riendeau, respondent Commissioner of Education determined that while petitioner had properly abolished the position of middle school principal, it had failed to formally abolish the position of director of special services and facilities. Accordingly, the Commissioner found that Riendeau's employment had not been properly terminated and he ordered Riendeau reinstated with back pay and benefits effective July 1, 1984.

Thereafter, petitioner commenced this CPLR article 78 proceeding seeking to annul the Commissioner's determination. Supreme Court upheld that part of the Commissioner's determination holding that Riendeau had not been properly terminated and, by amended judgment, directed that a hearing be held on the issue of back pay. Petitioner appeals from the amended judgment. The Commissioner cross-appeals from that part of the amended judgment which annulled his determination on the issue of back pay and benefits and remanded the matter for a hearing on that issue, it being the position of the Commissioner that Riendeau was entitled to full back pay.

■ Initially, we conclude that the Commissioner's holding that Riendeau was improperly terminated because petitioner did not abolish the position of director of special services and facilities pursuant to Education Law § 2510 was not arbitrary and capricious or without a rational basis (see, Matter of Strongin v Nyquist, 44 NY2d 943, 945, cert denied 440 US 901; Matter of Chauvel v Nyquist, 43 NY2d 48, 52). Furthermore, where the administrative determination involves a question of statutory interpretation, the Court of Appeals has acknowledged that deference is to be accorded to the agency's interpretation provided such interpretation involves "knowledge and understanding of underlying operational practices" (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459). Here, while it is true that Education Law § 2510 does not specify the procedure by which abolition is to be effected, it is clear that the word "abolition" as it appears in the statute is very dependent on underlying operational practices. Prior decisions

of the Commissioner indicate that formal action is required. Thus, since formal action has become the established course of practice in abolishing positions pursuant to Education Law § 2510, and further since the Commissioner's interpretation of that section is in this case consistent with those prior decisions, his decision is entitled to deference *(see, Kurcsics v Merchants Mut. Ins. Co., supra)*.

Next, having decided that Education Law § 2510 is properly to be interpreted as requiring formal action to effect the abolition of a position, we must next determine if the record supports the Commissioner's determination. We conclude that factual support for that determination exists in this record.

In June 1981, petitioner acted formally in initially establishing the position of director of special services and facilities by adopting a resolution to that effect and by transferring Riendeau to that position. That same resolution maintained the position of middle school principal. Subsequently, in June 1984, petitioner formally adopted a resolution which abolished the position of middle school principal and, of course, rescinded the salary of $39,900 for that position. However, the plan for restructuring which contained the subject resolution abolishing the position of middle school principal mistakenly assumed that Riendeau was that principal. Nowhere in either the plan or the June 1984 resolution is mention made of the position of director of special services and facilities, in which Riendeau was serving, or of its abolition. Accordingly, the Commissioner's determination that petitioner did not abolish the position of director of special services and facilities is not arbitrary and capricious, but rather has a rational basis in the record.

 Finally, we also conclude that Supreme Court did not err in annulling that part of the Commissioner's determination which awarded Riendeau back pay and benefits and in remanding the matter to the Commissioner for a hearing. The Commissioner's decretal paragraph orders "that petitioner be reinstated * * * with back pay and benefits effective July 1, 1984". The language used does not make any reference to a deduction for interim earnings or other monetary benefits. Accordingly, upon concluding that there was no basis in the record for the Commissioner's award of full back pay and benefits to Riendeau, Supreme Court correctly remanded the matter to the Commissioner for a hearing on this issue. The cases relied upon by the Commissioner to support his position that no right to an evidentiary hearing exists as to appeals

brought pursuant to Education Law § 310 are inapposite. These cases involved situations in which the parties challenging the Commissioner's determinations were claiming that they had a right to an evidentiary hearing, an issue not present in this appeal.

Finally, since the remand for a hearing was made by means of an amended judgment in an article 78 proceeding, it is important to note that although the powers of a court as to judgments in article 78 proceedings, particularized in CPLR 7806, does not specifically refer to a remand to an agency, leading commentators have noted that such remands are very much a part of the court's power (see, Siegel, NY Prac § 570, at 800; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7806.01). Here, since there was insufficient information in the record to permit an accurate computation of Riendeau's interim earnings and unemployment benefits, there were factual issues remaining which required resolution.

KANE, CASEY, WEISS and HARVEY, JJ., concur.

Judgment affirmed, without costs.