■ In the Matter of EUGENE DANIELS, Respondent, v EMANUEL POPOLIZIO, as Chairman of the New York City Housing Authority, et al., Appellants.—Judgment, Supreme Court, New York County (Edith Miller, J.), entered January 18, 1990, which granted a petition, brought pursuant to CPLR article 78, to the extent of, *inter alia,* vacating petitioner's default in not appearing for an administrative hearing, vacating respondents' determination of termination of tenancy, and remanding the matter to respondents for a *de novo* hearing on the merits, is reversed, on the law and the facts, the judgment is vacated, the respondents' determinations of termination of tenancy and default are reinstated, the petition is denied, and the proceeding dismissed, without costs.

Since 1980, Mr. Eugene Daniels (Mr. Daniels) and his two sons have occupied apartment 7F of the New York City Housing Authority's (NYCHA) Housing project, known as Patterson Houses (project), located at 325 East 143rd Street, Bronx County.

On or about July 30, 1988, while on the project grounds, a Housing Police Officer arrested Mr. Daniel's son, Steven, for the unlawful possession and sale of cocaine. At the time of the arrest, Mr. Steven Daniels was found to be in possession of 31 vials of cocaine. Based upon the circumstances of the arrest, late in January 1989, the NYCHA brought charges of non-desirability against Mr. Daniels, in order to terminate his tenancy, and an administrative hearing was scheduled for March 2, 1989. Subsequently, at the request of Mr. Daniels, the hearing was adjourned to April 21, 1989, but on that date, Mr. Daniels did not appear, and, until a day later, he did not contact either the Hearing Officer or a representative of the NYCHA.

By decision, dated April 26, 1989, the Hearing Officer stated,

in pertinent part, that "[h]aving considered the charges herein, and in the absence of any controverting evidence, I [the Hearing Officer] hereby find that such charges are sustained [and the disposition is] Termination".

Thereafter, Mr. Daniels applied to vacate the decision and default, since, at the same time as the NYCHA hearing, he allegedly had a scheduled "face-to-face" recertification appointment, with a Department of Social Services worker, concerning his closed welfare case. This excuse proferred by Mr. Daniels, proved, upon investigation, to be untrue.

By decision, dated June 14, 1989, the Hearing Officer denied Mr. Daniels' application to vacate the decision.

Pursuant to CPLR article 78, Mr. Daniels (petitioner) instituted a proceeding against Mr. Emanuel Popolizio, as Chairman of the NYCHA, and the NYCHA (respondents) to annul the determination to terminate tenancy, vacate the default, and reopen the hearing. Respondents opposed. By judgment, entered January 18, 1990, the Trial Court granted, in substance, the petition to the extent of reopening the default for a *de novo* hearing on the merits. Respondents appealed.

NYCHA Termination of Tenancy Procedures ¶ 8 provides that an application to open a default must show "good cause" for the default. We find that this NYCHA "good cause" requirement is similar to the "excusable default" requirement for vacating a judicial proceeding (CPLR 5015 [a] [1]). We have held that "[a]lthough this court favors determination of actions on their merits * * * this preference will not justify vacating a default judgment where the moving party fails to satisfy the two-prong burden of showing a meritorious defense and a reasonable excuse for the default" *(Eisenstein v Rose,* 135 AD2d 369, 370 [1987]).

In the instant case, the Hearing Officer denied the application to reopen the default, since he found, based upon the documentary evidence provided by the respondents and not persuasively rebutted by the petitioner, that there was no merit to the petitioner's excuse, in that "no such 'face-to-face' meeting was scheduled or had at the date or hour of the default herein".

Since we find the Hearing Officer's denial to be rational, same "must be upheld". *(Matter of Strongin v Nyquist,* 44 NY2d 943, 945 [1978], *cert denied* 440 US 901 [1979].)

Accordingly, we reverse, and reinstate the determinations of default, and termination of tenancy. Concur—Sullivan, J. P., Ellerin, Ross and Kassal, JJ.

Carro, J., dissents and would affirm for the reasons stated by Miller, J.