■ In the Matter of Luz CORCHADO, Respondent, v EMANUEL POPOLIZIO, as Chairman of the New York City Housing Authority, et al., Appellants.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered June 21, 1990, which granted the petition in a proceeding brought pursuant to CPLR article 78 annulling a decision of the Board of the New York City Housing Authority dated January 17, 1990 insofar as it recommended termination of petitioner's tenancy and remanded the matter for a hearing *de novo*, unanimously affirmed, without costs.

Respondent notified petitioner, who resided with her children in a public housing project, that she was charged as a non-desirable tenant arising out of the arrest of her son for possession of cocaine with intent to sell on the grounds of the project. The initial hearing date was adjourned and petitioner was notified that the hearing was scheduled for December 15, 1989. Petitioner sent a written request by ordinary mail for an adjournment, which was received on the scheduled date. She also allegedly telephoned respondent and was told that she would receive a notice with a new hearing date. When petitioner did not appear for the hearing, however, an adverse determination was rendered on default.

Under the circumstances presented the CPLR article 78 proceeding was properly granted to the extent of directing a hearing *de novo*. The application to vacate the default set forth both a reasonable excuse for the failure to appear and a meritorious defense *(Gray v B.R. Trucking Co.,* 59 NY2d 649, *rearg dismissed* 59 NY2d 966). While petitioner's request for an adjournment may not have been sufficiently specific as to the nature of her appointment, there is no dispute that she did, in fact, appear at the doctor's office, and that she made a good faith effort to adjourn the hearing prior to the hearing date. Further, petitioner contended that her son no longer resided with her and, though respondent disputes this, a factual determination may properly be made at the new hearing. The forfeiture of a significant property interest involves substantial due process concerns, and we have previously found it to be shocking to one's sense of fairness to exclude non-offending tenants from public housing when an offending family member has been excluded from the household at the time of the hearing *(Jones v Christian,* 120 AD2d 367, 369). Concur—Sullivan, J. P., Carro, Ellerin, Ross and Kassal, JJ.