■ SHUTESHA EARL, Respondent, v JASON TURNER et al., Appellants. [757 NYS2d 255] —Order and judgment (one paper), Supreme Court, Bronx County (Paul Victor, J.), entered on or about March 4, 2002, which, inter alia, granted petitioner's application brought pursuant to CPLR article 78 to annul the State respondents' decision after fair hearing, dated November 12, 1999, affirming the decision of the New York City Human Resources Administration to discontinue public assistance to petitioner, and remanded the matter for further administrative proceedings, unanimously affirmed, without costs.

Preliminarily, transfer to this Court pursuant to CPLR 7804 (g) was properly denied since the instant proceeding does not raise a substantial evidence issue (see Matter of Feliz v Wing, 285 AD2d 426 [2001], lv denied 97 NY2d 693 [2002]). Denial of transfer was also proper since petitioner's due process claims are dispositive and sufficient to "terminate" this proceeding within the meaning of CPLR 7804 (g) (see McCarter v Franco, 227 AD2d 358 [1996]).

The article 78 court properly annulled respondents' decision after fair hearing and remanded the matter for further proceedings upon the ground that the hearing conducted before the Administrative Law Judge (ALJ) did not meet due process requirements. As the record demonstrates, the brevity of the hearing and the ALJ's complete failure to develop the record effectively deprived petitioner of a fair hearing. Significantly, the article 78 court, after listening to the audiotape of the hearing, found that although the ALJ recited petitioner's rights, they were "rattled off so rapidly as to be nearly incomprehensible."

In addition, the record discloses that the ALJ failed to review the sufficiency of the notice of intent, did not provide petitioner with an opportunity to inspect the evidence, and failed to ensure that the conciliation mandates under 12 NYCRR 1300.11 were followed.

Lastly, there was no inquiry into the issue of willfulness. The applicable statute and regulations mandate that willfulness, which is an element of ineligibility, be verified prior to termination of benefits (see Allen v Blum, 58 NY2d 954 [1983]). At the fair hearing, the burden rested upon the Human Resources Administration to establish that petitioner's failure to appear for her appointment was willful (see Benjamin v McGowan, 275 AD2d 290, 292 [2000]). However, the agency of-

fered no evidence on the issue of willfulness, relying instead on the presumption of receipt to establish the absence of good cause for petitioner's nonappearance. The ALJ failed to address the willfulness issue, and the decision after fair hearing decided only the question of good cause. By failing to require any evidence on the issue of willfulness, the ALJ improperly shifted the burden to petitioner to prove that her failure was not willful. In the absence of evidence to support the conclusion that petitioner willfully failed to appear for her appointment, the termination of her benefits was arbitrary and capricious (id.). Concur—Nardelli, J.P., Tom, Andrias, Saxe and Williams, JJ.