■ In the Matter of ELSIE DETRES, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [884 NYS2d 716]—

Orders, Supreme Court, New York County (Alice Schlesinger, J.), entered October 31, 2008, which, in a CPLR article 78 proceeding to annul respondent Housing Authority's determination denying, after a hearing, petitioner remaining-family-member status to succeed to the apartment formerly leased to her deceased mother, stayed execution of a Civil Court warrant of eviction, permitted petitioner to submit evidence of her coresidency of the apartment with her mother that had not been submitted at the hearing, and, after consideration of such new evidence, directed a hearing, before the court, on the issues of whether petitioner had taken up residence in the apartment at least one year before her mother's death and whether respondent had knowledge of and acquiesced in such coresidency, unanimously modified, on the law, to reduce the stay of execu-

tion of the warrant to 30 days after the date of issuance of this order, vacate the direction of a hearing before Supreme Court, and otherwise affirmed, without costs, and the matter remitted to the Housing Authority for further proceedings in accordance with the following.

Civil Court issued the warrant of eviction after the parties executed a so-ordered stipulation settling a holdover proceeding that respondent had brought after denying petitioner's remaining-family-member grievance. Instead of seeking a stay of execution of the warrant of eviction in Civil Court, the then pro se petitioner commenced this proceeding. Under the facts presented below, execution of the warrant should only have been stayed temporarily to give petitioner time to seek relief from the warrant from Civil Court (*see Matter of Bobian v New York City Hous. Auth.*, 55 AD3d 396 [2008]).

An evidentiary hearing before the court to supplement the record should not have been directed, and instead the matter should have been remitted to the Housing Authority for further proceedings (*see Matter of Ansonia Assoc. v State Div. of Hous. & Community Renewal*, 147 AD2d 420, 421 [1989]; *Matter of Board of Educ. of Pleasantville Union Free School Dist. v Ambach*, 132 AD2d 257, 261 [1987]). Further consideration by the agency is warranted because petitioner underwent major brain surgery some five months before the administrative hearing and exhibited some confusion at the hearing. As a result of the Hearing Officer's failure to question petitioner, who represented herself pro se, about her medical issues and their ramifications, petitioner was not afforded a full opportunity to be heard, particularly with respect to when her tenancy commenced (*see Matter of Hall v Municipal Hous. Auth. for City of Yonkers*, 57 AD2d 894, 894-895 [1977], *lv denied* 42 NY2d 805 [1977], *appeal dismissed* 42 NY2d 973 [1977] [due process affords public housing tenants the right of opportunity to be heard]). Pursuant to Supreme Court's directive, petitioner submitted evidence that she had coresided in the apartment with her mother for more than the requisite year and that respondent implicitly approved of the coresidency (*see Matter of McFarlane v New York City Hous. Auth.*, 9 AD3d 289, 291 [2004]). Concur—Andrias, J.P., Catterson, Renwick, DeGrasse and Freedman, JJ.