■ In the Matter of CORNISHA CHERRY, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [889 NYS2d 20]—

Order and judgment (one paper), Supreme Court, New York County (Kibbie F. Payne, J.), entered June 2, 2008, which denied petitioner's application to annul respondent New York City Housing Authority's determination refusing to open an administrative default that resulted in the termination of petitioner's public housing tenancy, and dismissed the petition, unanimously affirmed, without costs.

The proceeding cannot be maintained because the result petitioner ultimately seeks—restoration of her tenancy—would nullify a judgment of the Civil Court, entered during the pendency of this appeal, awarding possession of the apartment to the Housing Authority (*see* 73 NY Jur 2d, Judgments § 273). It does not avail petitioner that, unlike *Matter of Bobian v New York City Hous. Auth.* (55 AD3d 396 [2008]), Civil Court's judgment was based solely on her remaining in the apartment after the Housing Authority had terminated her tenancy. There can be no CPLR article 78 relief unless and until Civil Court's judg-

ment awarding possession to the Housing Authority is vacated. In the latter regard, we note that two motions for a stay of the Civil Court proceeding by the then pro se petitioner were denied by this Court, and that petitioner's attorney appeared herein before petitioner was evicted.

In any event, the application court properly refused to annul respondent's refusal to open petitioner's default in appearing at the termination-of-tenancy hearing since, as petitioner concedes, she failed to provide a reasonable excuse for the default and documentation supporting her defense (*see Matter of Daniels v Popolizio*, 171 AD2d 596 [1991]; *see generally McLaughlin v Hernandez*, 16 AD3d 344, 345 [2005]). Due process does not mandate that a hearing be held on an application to open an administrative default; petitioner was given notice of the charges against her and an opportunity to be heard, and due process requires no more (*see Matter of Hall v Municipal Hous. Auth. for City of Yonkers*, 57 AD2d 894, 894-895 [1977], *lv denied* 42 NY2d 805 [1977], *appeal dismissed* 42 NY2d 973 [1977]). Contrary to petitioner's contention, the application court based its decision on grounds cited by the hearing officer, namely, petitioner's failure to provide a reasonable excuse for the default and a meritorious defense. The hearing officer, prior to entering the default, was not required to conduct an inquest to determine whether the facts warranted termination of petitioner's tenancy (*see Walker v New York City Hous. Auth.*, 1991 WL 285614, *3-4, 1991 US Dist LEXIS 18331, *6-11 [SD NY 1991]). Concur—Sweeny, J.P., Buckley, Catterson, Acosta and Freedman, JJ.