member to the apartment formerly leased to her deceased brother, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioner admits that she does not qualify as a remaining family member for purposes of succession rights to her deceased brother's apartment because, contrary to respondent's policies, she never received written consent to reside in the apartment and did not live there for more than one year prior to her brother's death. Instead, she claims that "special circumstances," such as verbal assurances from an employee of respondent that she could remain in the subject apartment, obviated her need to comply with those policies. However, the hearing officer did not act arbitrarily and capriciously in concluding that petitioner failed to establish that respondent waived its right to insist on strict compliance with its policies (*see Matter of Torres v New York City Hous. Auth.*, 40 AD3d 328 [2007]).

Moreover, the record belies petitioner's contention that the hearing officer failed to consider the evidence of her alleged special circumstances. In her decision, the hearing officer expressly concluded that "[petitioner's] reliance upon the interpretation of information gathered through telephone conversations[ ] does not negate the responsibility of the Tenant to secure the written approval of management prior to adding anyone to the household." We find therefore that the hearing officer considered the evidence before her and that the determination has a rational basis (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Concur—Mazzarelli, J.P., Friedman, Catterson and Manzanet-Daniels, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERWIN JOHNSON, Appellant. [915 NYS2d 512]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Bonnie G. Wittner, J.), rendered on or about October 20, 2009, as amended November 19, 2009, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Mazzarelli, J.P., Friedman, Catterson, Manzanet-Daniels and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA MARTELL, Appellant. [915 NYS2d 512]—An appeal having