*474 The hearing officer’s determination that petitioners failed to establish a reasonable excuse for their default (see Matter of Cherry v New York City Hous. Auth., 67 AD3d 438, 439 [1st Dept 2009]; Matter of Daniels v Popolizio, 171 AD2d 596, 597 [1st Dept 1991]) has a rational basis in the record and is not arbitrary and capricious (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Petitioners’ excuses for failing to appear at the hearing were not supported by any documentation (see Cherry, 67 AD3d at 438). Furthermore, plaintiffs did not explain why they did not either attempt to adjourn the hearing or arrange for a representative to appear on their behalf (see Matter of Corchado v Popolizio, 171 AD2d 598 [1st Dept 1991]; Matter of Trinidad v New York City Hous. Auth., 2011 NY Slip Op 30599[U], *6 [Sup Ct, NY County 2011]).
In light of petitioners’ failure to establish a reasonable excuse for their default, we need not consider whether they established a meritorious defense to the charges of chronic rent delinquency, breach of rules and regulations, and non-desirability by permitting excessive loud music. We note, however, that petitioners’ arguments and documentation submitted in support of their CPLR article 78 petition are not reviewable as they were not part of the administrative record (see Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756, 757 [1st Dept 1982], affd 58 NY2d 952 [1983]). Concur — Tom, J.E, Mazzarelli, Catterson, Renwick and DeGrasse, JJ.