■ In the Matter of CLARA JOSEFINA RUSSO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [10 NYS3d 49]—

Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered June 19, 2014, annulling respondent's determination, dated July 18, 2012, which denied petitioner's remaining family member claim to succes-

sion rights to an apartment formerly leased to her husband, and remanding the matter for a new hearing before a different hearing officer, unanimously affirmed, without costs.

As the article 78 court found, petitioner was deprived of a fair hearing, in violation of her right to due process (*see Mathews v Eldridge*, 424 US 319, 333 [1976]). Recognizing petitioner's mental disability, respondent (NYCHA) appropriately, and in accordance with court-approved procedures, referred petitioner for a competency evaluation and assigned her a guardian ad litem (GAL) from the New York State Office of Court Administration's list of approved GALs (*see Blatch v Hernandez*, 2008 WL 4826178, 2008 US Dist LEXIS 92984 [SD NY 2008]). However, a review of the administrative record reveals that the assigned GAL was not a "suitable representative" (*see Blatch ex rel. Clay v Hernandez*, 360 F Supp 2d 595, 621 [SD NY 2005]).

Among other things, the GAL did not appear to understand the issues framed by NYCHA, testified in petitioner's stead despite his lack of personal knowledge of relevant facts and petitioner's presence at the hearing, failed to offer evidentiary support on key factual issues, and admitted his ignorance as to when petitioner moved into the subject apartment—a fact needed to determine whether petitioner met the one-year requirement for remaining family member status (*see* NYCHA Management Manual, ch IV, § XII). Under these circumstances, the hearing officer's failure to develop the record during the brief hearing, and to make inquiry of the pro se petitioner, who exhibited confusion, deprived petitioner of a full and meaningful opportunity to be heard (*see Matter of Detres v New York City Hous. Auth.*, 65 AD3d 442 [1st Dept 2009]; *Earl v Turner*, 303 AD2d 282 [1st Dept 2003], *lv denied* 100 NY2d 506 [2003]).

Although the letter to the GAL from a health center at which petitioner was a patient was dehors the record, the court properly considered it since, in establishing a critical date, it "substantiate[d] [petitioner's] claims of prejudice attributable to the cited due process violations" (*Matter of Feliz v Wing*, 285 AD2d 426, 427 [1st Dept 2001], *lv dismissed* 97 NY2d 693 [2002]). On this administrative record it cannot be determined whether there are circumstances that may relieve petitioner of the requirement of written consent to her occupancy (*see Matter of Echeverria v New York City Hous. Auth.*, 85 AD3d 580 [1st Dept 2011]; *Matter of McFarlane v New York City Hous. Auth.*, 9 AD3d 289, 291 [1st Dept 2004]).

NYCHA's counsel's criticisms of the court do not violate the Rules of Professional Conduct or warrant the imposition of

sanctions (*cf. Matter of Holtzman*, 78 NY2d 184 [1991] [accusations of judicial misconduct not supported by evidence], *cert denied* 502 US 1009 [1991]; *Matter of Golub*, 190 AD2d 110, 111 [1st Dept 1993] ["intemperate outburst" to press about judge after adverse ruling]). Concur—Friedman, J.P., Saxe, Manzanet-Daniels, Feinman and Gische, JJ.