■ In the Matter of TOMAS CARMONA, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [20 NYS3d 69]—

Determination of respondent New York City Housing Authority, dated September 23, 2013, which, after a hearing, approved the decision to deny petitioner's remaining family member grievance in connection with his deceased grandmother's apartment, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Michael D. Stallman, J.], entered June 30, 2014), dismissed, without costs.

Respondent's determination has a rational basis and is based upon substantial evidence that petitioner failed to obtain respondent's written consent to his occupancy of the apartment at issue (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]; *Matter of Lieder v New York City Hous. Auth.*, 129 AD3d 644, 645 [1st Dept 2015]).

We reject petitioner's claim that he was denied his right to counsel at the hearing. Respondent is not obligated to assign legal representation in its administrative hearings (*Matter of Folks v New York City Hous. Auth.*, 27 AD3d 270, 271 [1st Dept 2006], *lv denied* 7 NY3d 709 [2006]), and both respondent and the Hearing Officer advised petitioner of his right to retain counsel (*id.*). Further, the guardian ad litem (GAL) adequately represented petitioner's interests at the hearing, by calling witnesses, asking petitioner pertinent questions during his direct examination, and entering evidence into the record on behalf of petitioner (*cf. Matter of Russo v New York City Hous. Auth.*, 128 AD3d 570, 571 [1st Dept 2015] [GAL was not a suitable representative where, among other things, he did not appear to understand the issues framed by the Housing Authority]).

The Hearing Officer considered petitioner's evidence that he was an original family member of the apartment, and properly found it insufficient (*see Matter of Ruiz v New York City Hous. Auth.*, 81 AD3d 465, 466 [1st Dept 2011]). Petitioner's claim is contradicted by his deceased grandmother's 10 most recent affidavits of income, none of which list him as an occupant of her apartment (*see Matter of Dancil v New York City Hous. Auth.*, 123 AD3d 442, 442 [1st Dept 2014]). Further, the evidence does not support petitioner's claim that his grandmother's language ability prevented her from properly completing her income affidavits (*see Matter of Echeverria v New York City Hous. Auth.*, 85 AD3d 580, 581 [1st Dept 2011]). His grandmother submitted her affidavits of income in English every year and, on the final

affidavit of income she submitted before her death, she listed several individuals as occupants of her apartment, none of whom are petitioner.

Petitioner's alleged mitigating circumstances do not provide a basis for annulling respondent's determination, and petitioner may not invoke estoppel against respondent (*see Matter of Ortiz v Rhea*, 127 AD3d 665, 666 [1st Dept 2015]).

We have considered petitioner's remaining contentions, including that respondent's determination constitutes a shocking and disproportionate penalty and an abuse of discretion, and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, Richter and Manzanet-Daniels, JJ.