4 N.Y.2d 975 (1958)
Edward A. Lipton et al., Appellants,
v.
Winfield R. Bruce, Respondents.
Court of Appeals of the State of New York.
Argued May 12, 1958.
Decided June 25, 1958.
Edward A. Lipton, appellant in person and for Blanche F. Lipton, appellant.
Richard N. Ames for respondent.
Chief Judge CONWAY and Judges DYE, FULD, VAN VOORHIS and BURKE concur in Per Curiam opinion; Judge DESMOND dissents in an opinion in which Judge FROESSEL concurs.
*976 Per Curiam.
The order of the Appellate Division should be reversed, with costs in all courts, and the judgment of the Supreme Court, Madison County, entered July 24, 1956, in favor *977 of plaintiffs Edward A. Lipton and Blanche F. Lipton and against the defendant, Winfield R. Bruce, made and entered pursuant to our remittitur dated July 11, 1956, should be reinstated. When we remitted this case to the "Trial Term for further proceedings not inconsistent with the opinion herein" (1 N Y 2d 631, 640) all that remained to be done by the trial court was to enter a judgment giving effect to our decision.
DESMOND, J. (dissenting).
I will assume that we did not intend by our earlier decision (1 N Y 2d 631) to direct a new trial. It certainly does not follow from that that the lower courts may not order a new trial on newly discovered evidence. By our reversal at that time we held that the July 28, 1923 deed to the predecessor of plaintiffs was a valid exercise of a right to select as a one-acre plot the particular premises described in that deed. But in that decision we did not, of course, pass on the exact physical location on the ground of the premises so described in that 1923 deed. After our reversal defendant discovered a map which, according to him, shows that the parties were in error as to the location of the State's "Blue Line" which constitutes part of the boundary of the premises described in the 1923 deed. Defendant then moved for a new trial on the basis of such newly discovered evidence and the courts below ordered a new trial on the fact question of the physical location of the premises described in the deed above referred to. That new trial order was not repugnant to our decision because such a new trial would not affect our determination that the 1923 deed amounted to a valid conveyance to plaintiffs' predecessor of the property described in that deed. The physical location of those premises is a question different from the question decided by us and there seems no reason why the lower courts are powerless to exercise their usual discretion in granting a new trial on newly discovered evidence. Nor can it be said that the location of these premises is of no concern to defendant. The premises of plaintiffs wherever they are abut the premises of defendant. It must be remembered that the judgment entered by plaintiffs after our reversal commands defendant to remove from the lands of plaintiffs and to cease interfering with the lands of plaintiffs, a direction which cannot be enforced until it is conclusively determined just where plaintiffs' land lies. I would accordingly affirm on the ground that the new trial order was a valid exercise of discretion.
*978 The order should be affirmed, with costs.
Order of Appellate Division reversed, with costs in all courts, and judgment of the Supreme Court, entered July 24, 1956, reinstated.