OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, judgment granted to plaintiffs declaring that they are entitled to apply to the New York State Division of Housing and Community Renewal for a classification of defendant’s building as a hotel or apartment house pursuant to Rent Stabilization Law § YY51-3.1 (a) and (b), and for a determination of the status of plaintiffs’ dwelling units under the Rent Stabilization Law.
 

 This appeal involves the interpretation of New York City’s Rent Stabilization Law (RSL) (Administrative Code of City of New York § YY51-3.1 [a], [b]), as amended by the Omnibus Housing Act of 1983 (L 1983, ch 403, eff June 30, 1983) and of plaintiff tenants’ rights to the renewal of their leases under the provisions of that law.
 

 On July 28, 1983, defendant served 30-day notices on plaintiffs terminating their tenancies on the ground that, as occupants of decontrolled dwelling units in a hotel, they did not possess a right to renew their leases. In response, plaintiffs commenced an action in Supreme Court, New York County, seeking a judgment that the building was not a residential hotel, but rather an apartment building subject to RSL coverage. Alternatively, the plaintiffs requested that the status of the building be referred to New York City’s Conciliation and Appeals Board (CAB) for determination of the building’s status under RSL. Thereafter, plaintiffs moved for a preliminary injunction enjoining defendant from terminating their tenancies.
 

 
 *1033
 
 Special Term denied plaintiffs’ motion and granted defendant’s cross motion to dismiss the complaint, holding that the building was exempt from the RSL under section YY51-3.1. The Appellate Division affirmed, without opinion.
 

 In April 1984, the New York State Division of Housing and Community Renewal (DHCR) assumed the responsibility, previously exercised by CAB, to regulate New York City rents. On February 20, 1985, the DHCR, in an unrelated proceeding, had determined that the subject building was an apartment house, and that all dwelling units therein were subject to RSL coverage. Based upon this ruling, plaintiffs moved for reargument before the Appellate Division and submitted DHCR’s ruling for the court’s consideration. The Appellate Division denied reargument.
 

 Defendant, and the lower courts, construed section YY51-3.1 (a) to exempt certain hotel dwelling units from RSL coverage if those units exceeded the statutory rental ceiling of $350 per month or $88 per week on May 31,1968. Implicit in their rulings is a finding that amended section YY51-3.1, enacted as part of the Omnibus Housing Act in 1983, does not permit the Division to classify properties as apartment houses or hotels. We disagree. Section YY51-3.1 (b) expressly vests authority in the DHCR to classify buildings as hotels or apartment houses and to promulgate standards for such classification. It contains no language, either in subdivision (a) or subdivision (b), limiting its determination of coverage only to those units previously covered by the RSL before the enactment of the Omnibus Housing Act in 1983. Rather, a determination that certain hotel units are exempt can be made, pursuant to section YY51-3.1 (a), only after the building has been classified as a hotel by DHCR under subdivision (b).
 

 Whether the tenants’ rights to renew their leases is protected by the RSL requires an initial determination by DHCR of the building’s status. Only if the building is classified a hotel under the standards promulgated by DHCR should the rate ceiling exemption be applied to bar plaintiffs’ requested relief.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and judgment granted in accordance with the memorandum herein.