OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court, New York County, with directions to remand to the Division of Housing
 
 *853
 
 and Community Renewal (DHCR) for further proceedings in accordance with this memorandum.
 

 Petitioner owns the Hotel Berkeley, a residential building located in the City of New York which is classified as a hotel and which is subject to the rent stabilization laws for hotels. Between June 30, 1982 and November 10, 1982, 26 tenants filed individual complaints with the New York Conciliation and Appeals Board (CAB) claiming variously that though the building was classified as a rent-stabilized hotel the tenants were not receiving required hotel services or that the premises had been let to them as apartments. In its answer, the owner did not deny that it had not been furnishing typical hotel services, e.g., mail, linen, furniture, maid services, to its tenants as required.
 

 On January 26, 1984, CAB, concluding that the Berkeley Hotel was not a "hotel” as defined by section 3 (h) of the Amended Code of the Metropolitan Hotel Industry Stabilization Association, Inc. (Amended Hotel Code), ordered the owner to cancel its membership in the Metropolitan Hotel Industry Stabilization Association (METHISA) and reclassified the hotel as an apartment building pursuant to section 43 of the Omnibus Housing Act of 1983 (L 1983, ch 403). Additionally, CAB directed "that the rents for all the stabilized units in the premises be rolled back to the rent charged and paid on June 30, 1982” and ordered Berkeley Kay Corporation to refund to the tenants, on a building-wide basis, "any and all guidelines increases or market rent increases collected on or after [June 30, 1982]” and to refund the excess security deposits it held, if any.
 

 Petitioner commenced this article 78 proceeding challenging the retroactive reclassification of the premises. Supreme Court partially granted the petition by annulling the rent rollback to 1982 as an improper retroactive reclassification. The Appellate Division modified Special Term’s order and dismissed the petition, finding that the CAB rent rollback to 1982 was authorized by section 33 (g) of the Amended Hotel Code and did not constitute a reclassification.
 

 Section 43 of the Omnibus Housing Act (L 1983, ch 403), effective June 30, 1983, amended the Administrative Code of the City of New York § YY51-3.1. Subdivision (b) states that "[u]pan application by a tenant or owner, the conciliation and appeals board, and on or after April first, nineteen hundred eighty-four, the division of housing and community renewal,
 
 *854
 
 shall determine if such building is a hotel covered by this law, based upon the services provided and other relevant factors. If it is determined that such building is not a hotel, it shall
 
 thereafter
 
 be subject to this law pursuant to subdivision b of section YY51-3.0” (emphasis added). The statute clearly allows the CAB, or its successor DHCR, to reclassify a building prospectively from the date on which the statute became effective
 
 (see, Schick v Park Royal Assoc.,
 
 65 NY2d 1031). Petitioner challenges the Board’s power to reclassify the property and to order rollbacks to a date before it does so or before the statute became effective in 1982.
 

 We agree that the Board improperly nullified all the hotel guidelines increases which had accrued from June 30, 1982 to the effective date of the Omnibus Housing Act, June 30, 1983. The Omnibus Housing Act is prospective and it cannot affect the substantive rights of landlords that accrued prior to effective date by authorizing retroactive reclassification of the premises or rollback of the rents.
 

 In seeking to sustain its action, respondent contends that authority may be found to remedy the rents erroneously charged in 1982 and the first six months of 1983 in Amended Hotel Code § 33 (g) and to make them building-wide, notwithstanding the fact that only 26 of the 93 tenants filed complaints, by the holding in
 
 Matter of Ansonia Holding v New York City Conciliation & Appeals Bd.
 
 (61 AD2d 1140,
 
 affg
 
 NYLJ, Aug. 11, 1977, p 6, col 3 [Sup Ct, Hughes, J.]). Amended Hotel Code § 33 (g) does not authorize rent rollbacks, however. It enables the CAB or its successor, the DHCR, "[u]pan application of any tenant, to adjust the stabilization rent where it determines such rent to be inconsistent with this Code”. Under this section, the Board could order the owner to refund to the complaining tenants that portion of the past rents which reflect the value of services not provided by the owner, but section 33 (g) adjustments could not be made to noncomplaining tenants who did not seek administrative relief nor could it be used to justify a pre-1983 reclassification of the property and rollback of the rents. The
 
 Ansonia Holding
 
 case is not to the contrary. In that case, the deficiencies in service were to the common areas of the building and applied alike to all tenants. In this case, the deficiencies were to the individual tenants.
 

 Inasmuch as the remedy respondent fashioned was unauthorized, the matter should be remitted to its successor for consideration of the individual complaints and whether the
 
 *855
 
 tenants are entitled to adjustments in their rent for 1982 and the first six months of 1983 because they were not furnished hotel services.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
 

 Order reversed, etc.