OPINION OF THE COURT
 

 Memorandum.
 

 In
 
 Matter of Ansonia Assoc. v State Div. of Hous. & Commu
 
 
 *811
 

 nity Renewal,
 
 the order of the Appellate Division should, insofar as appealed from, be reversed, with costs. In
 
 Matter of Beaux Arts Props. v New York State Div. of Hous. & Community Renewal
 
 and in
 
 Matter of 24 Fifth Ave. Assoc. v New York State Div. of Hous. & Community Renewal,
 
 the orders of the Appellate Division should be reversed, with costs. In each case, the matter is remitted to Supreme Court, New York County, with directions to remand to the Division of Housing and Community Renewal (DHCR) for further proceedings in accordance with this memorandum.
 

 As we recently noted in
 
 Matter of Berkeley Kay Corp. v New York City Conciliation & Appeals Bd.
 
 (68 NY2d 851), until the enactment of section 43 of the Omnibus Housing Act of 1983 (Administrative Code of City of New York § YY51-3.1 [b], L 1983, ch 403, § 43, recodified as Administrative Code § 26-506 [b], L 1985, ch 907, § 1), DHCR and its predecessor, the Conciliation and Appeals Board (CAB), were without authority to reclassify property for rent stabilization purposes. We held in that case that section 33 (g) of the Amended Code of the Metropolitan Hotel Industry Stabilization Association, Inc., the authority relied on by DHCR for its retroactive rent rollbacks and refunds on a building-wide basis, did not permit such relief. Instead, section 33 (g) authorizes only rent adjustments based upon individual complaints, such as ordering the owner to "refund to the complaining tenants that portion of the past rents which reflect the value of [hotel] services not provided by the owner”
 
 (Matter of Berkeley Kay Corp. v New York City Conciliation & Appeals Bd., supra,
 
 p 854). Inasmuch as the agency orders before us in these cases direct similar rent rollbacks and refunds on building-wide bases, the owners’ petitions, seeking annulment of the retroactive relief ordered, should have been granted and the matters remitted for further consideration of the individual complaints by DHCR.
 

 In the present cases, as in
 
 Berkeley Kay,
 
 DHCR and CAB relied on section 43 for prospective reclassification only, in each case expressing the view that prospective reclassification was all that was allowable under that authority. We therefore do not decide, as we did not decide in
 
 Berkeley Kay,
 
 whether a reclassification premised on section 43 of the Omnibus Housing Act could be made retroactive to the effective date of that act.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexan
 
 *812
 
 der, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 In
 
 Matter of Ansonia Assoc. v State Div. of Hous. & Community Renewal:
 
 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order, insofar as appealed from, reversed, etc.
 

 In
 
 Matter of Beaux Arts Props,
 
 and
 
 Matter of 24 Fifth Ave. Assoc. v New York State Div. of Hous. & Community Renewal:
 
 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), orders reversed, etc.