■ In the Matter of RUXTON TOWERS PARTNERSHIP, LTD., Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, as Successor to NEW YORK CITY CONCILIATION AND APPEALS BOARD, Appellant.—Order and judgment (one paper) of the Supreme Court, New York County (Alvin F. Klein, J.), entered January 3, 1986, which annulled the determination of respondent New York State Division of Housing and Community Renewal (DHCR) insofar as that determination ordered the retroactive application of section 43 of the Omnibus Housing Act (L 1983, ch 403), unanimously modified, on the law, and the matter remanded to the Supreme Court with the direction that it be further remanded to respondent DHCR for evaluation of the complaints filed therewith by individual tenants at the subject premises concerning petitioner's failure to provide hotel services, and except as so modified, affirmed, without costs. *(See, Matter of Berkeley Kay Corp. v New York City Conciliation & Appeals Bd.,* 68 NY2d 851; *see also, Matter of Ansonia Assocs. v State Div. of Hous. & Community Renewal,* 69 NY2d 808.)

Although Special Term correctly held that section 43 of the Omnibus Housing Act could not be applied to reclassify petitioner's premises prior to the law's effective date *(Matter of Berkeley Kay Corp. v New York City Conciliation & Appeals Bd.,* 68 NY2d 851, 854, *supra),* it is apparent that numerous tenant complaints concerning petitioner's failure to provide hotel services at the subject premises have been filed with the DHCR. These complaints should be processed on an individual basis by the DHCR pursuant to Amended Code of the Metropolitan Hotel Industry Stabilization Association, Inc. § 33 (g) and adjustments made where appropriate. *(Supra,* at 854-855.) Concur—Murphy, P. J., Sandler, Carro, Asch and Rosenberger, JJ.