■ In the Matter of ANSONIA ASSOCIATES, Respondent, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. In the Matter of THOMAS SOJA, Individually and as President of Ansonia Tenants' Coalation, Inc., Respondent-Appellant, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant-Respondent. In the Matter of ANSONIA RESIDENTS' ASSOCIATION, INC., Respondent-Appellant, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant-Respondent.—Order of the Supreme Court, New York County (Francis N. Pecora, J.), entered August 3, 1988, which denied, *inter alia,* a motion for resettlement and/or modification of a prior order of the court entered on September 29, 1987, is unanimously reversed, on the law and facts, without costs or disbursements, and the matter remanded to the State Division of Housing and Community Renewal for further proceedings in accordance with the order and memorandum decision of the Court of Appeals dated February 17, 1987 [69 NY2d 808]. The appeal from the order of the Supreme Court, New York County (Francis N. Pecora, J.), entered September 29, 1987, is dismissed as subsumed herein, without costs.

A CPLR article 78 proceeding was initially brought by petitioner Ansonia Associates to annul an order of the respondent State Division of Housing and Community Renewal (DHCR) which reclassified the Ansonia Hotel as a residential apartment building and, among other things, reduced the rents of the tenants. The Court of Appeals, relying upon its prior decision in *Matter of Berkeley Kay Corp. v New York City Conciliation & Appeals Bd.* (68 NY2d 851), found that until the enactment of section 43 of the Omnibus Housing Act of 1983 [L 1983, ch 403], the respondent DHCR and its predecessor, the Conciliation and Appeals Board, were without authority to reclassify property for rent stabilization purposes. It stated: "We held in that case that section 33 (g) of the

Amended Code of the Metropolitan Hotel Industry Stabilization Association, Inc., the authority relied on by DHCR for its retroactive rent rollbacks and refunds on a building-wide basis, did not permit such relief. Instead, section 33 (g) authorizes only rent adjustments based upon individual complaints, such as ordering the owner to 'refund to the complaining tenants that portion of the past rents which reflect the value of [hotel] services not provided by the owner' *(Matter of Berkeley Kay Corp. v New York City Conciliation & Appeals Bd., supra,* p 854). Inasmuch as the agency orders before us in these cases direct similar rent rollbacks and refunds on building-wide bases, the owners' petitions, seeking annulment of the retroactive relief ordered, should have been granted and the matters remitted for further consideration of the individual complaints by DHCR." *(Matter of Ansonia Assocs. v State Div. of Hous. & Community Renewal,* 69 NY2d 808, 811, *supra.)*

The court ordered the "matter * * * remitted to Supreme Court, New York County, with directions to remand to the Division of Housing and Community Renewal (DHCR) for further proceedings in accordance with th[e] memorandum [herein]". *(Supra,* at 811.) However, the order appealed from herein improperly limited the scope of the proceeding which is to be remitted to the DHCR. It requires that, upon remand, the DHCR "shall render an order providing the date upon which Ansonia became reclassified from hotel stabilization to apartment rent stabilization, and * * * that the order on remand shall further direct the owner to provide appropriate retroactive rent-stabilized lease agreements and prospective lease renewal agreements to the tenants". Also, the order limits the DHCR to a determination of the complaints listed in District Rent Office Order No. CDR-001194, and therefore restricts it from being able to rule on any other pending complaints and may, therefore, improperly disenfranchise those tenants. The appropriate procedure upon a finding that an agency acted arbitrarily is to remand to the agency for further proceedings in accordance with the opinion *(see, Burke's Auto Body v Ameruso,* 113 AD2d 198, 201).

It was, therefore, improper for the Supreme Court to usurp the agency's jurisdiction and to limit review of the proceeding, contrary to the direction of the Court of Appeals in its remittitur, and we remand, accordingly, to the respondent State Division of Housing and Community Renewal for further proceedings in accordance with the memorandum deci-

sion of the Court of Appeals (see, Lipton v Bruce, 4 NY2d 975). Concur—Ross, J. P., Asch, Kassal and Wallach, JJ.