■ In the Matter of BRADFORD COMPANY, Respondent-Appellant, et al., Petitioner, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant-Respondent.—Reargument of this Court's unpublished decision and order (Appeal No. 44341), entered on November 7, 1991, granted and, upon reargument, that decision and order is recalled and vacated, and a new decision and order substituted in place thereof, decided simultaneously herewith; motions denied wherein leave to appeal to Court of Appeals is sought.

Order and judgment (one paper), Supreme Court, New York County (Leonard Cohen, J.), entered July 16, 1990, granting petitioners' application for a judgment pursuant to CPLR article 78 annulling the Division of Housing and Community Renewal's (DHCR) determination granting rent adjustments to all complaining tenants of petitioners' hotels for the period July 15, 1982 through May 23, 1985 in the case of petitioner Bradford Company, and July 15, 1982 through January 26, 1984 in the case of petitioner Kaplan Marin Associates, only

to the extent of remanding the matters to respondent for reconsideration of the rent adjustments due individual complaining tenants on the basis of whether minimum hotel services were provided on each unit's base date, and finding that, as to those tenants in occupancy on July 15, 1982, such rent adjustments were retroactive to July 15, 1982 "so long as the application to CAB or DHCR was not in excess of the time within which to bring an overcharge complaint as measured from July 15, 1982," and otherwise denied the petition, unanimously modified, on the law, to deny the petition and dismiss the proceeding, and otherwise affirmed without costs.

Respondent properly awarded hotel services refunds to complaining tenants from July 15, 1982, the effective date of the statute requiring such services, up until the date of reclassification (*Matter of Broadway Bretton v New York State Div. of Hous. & Community Renewal*, 182 AD2d 429 [decided herewith]) without regard to whether petitioners had provided minimum hotel services on the rent stabilization base date, since a rational basis exists for the finding that no such services were being provided by petitioners to the complaining tenants as of July 15, 1982 (*Matter of Berkeley Kay Corp. v New York City Conciliation & Appeals Bd.*, 68 NY2d 851; Conciliation and Appeals Board Uniform Standards [Oct. 6, 1983]). Moreover, DHCR has put forth a rational basis for declining to impose the statute of limitations applicable to overcharge complaints on the within complaints for failure to provide hotel services.

We have examined petitioners' remaining contentions, and find them without merit. Concur—Ellerin, J. P., Wallach, Kupferman and Ross, JJ.