■ In the Matter of BROADWAY BRETTON, INC., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and ROBERT COTTON et al., Intervenors-Respondents.—Reargument of this Court's unpublished decision and order (Appeal No. 44342), entered on November 7, 1991, granted and, upon reargument, that decision and order is recalled and vacated, and a new decision and order substituted in place thereof, decided simultaneously herewith; motions denied wherein leave to appeal to Court of Appeals is sought.

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 13, 1991, which denied petitioner's application for a judgment pursuant to CPLR article 78 annulling respondent's determination granting rent adjustments to all complaining tenants for the period July 15, 1982 through June 24, 1985, unanimously affirmed, without costs.

Petitioner's hotel was reclassified as an apartment house pursuant to section 43 of the Omnibus Housing Act of 1983 (L 1983, ch 403; now codified at Administrative Code of City of New York § 26-506) based on respondent's finding that less than 51% of all the stabilized tenants therein were receiving maid service and linen service as of June 30, 1983. Respondent initially ordered a building-wide rent rollback, but, while an administrative review was pending, the Court of Appeals handed down its decision in *Matter of Berkeley Kay Corp. v New York City Conciliation & Appeals Bd.* (68 NY2d 851), and, in light thereof, respondent agreed to reconsider the matter. On reconsideration, all complaining tenants in the already reclassified hotel were given a refund in an amount measured by what respondent found was the value of the minimum hotel services required under section 3 (h) of the Amended Code of the Metropolitan Hotel Industry Stabilization Association, Inc. (Amended Hotel Code [superceded]) but not provided on or after July 15, 1982, which was the effective date of that statute. The hotel services refund was calculated up until June 24, 1985, the date the hotel was reclassified as an apartment building, at which point hotel services were no longer required. As to post-June 24, 1985 rents, the Division of Housing and Community Renewal (DHCR) recomputed the stabilized rents for each of the apartments for which hotel services refunds had been issued, since in order to derive each apartment's proper rent, the actual rent charged as of the date of reclassification was necessarily reduced by the amount which had been improperly charged for hotel services. This, in turn, will necessitate the return to the tenants of the amount which, as a result of computing the rent according to an improperly high base rent, was overcharged between June 24, 1985 and the resolution of the within action.

We reject petitioner's claim that respondent improperly measured the refunds for failure to provide hotel services from the date such services were required by statute rather than from 30 days after each individual tenant filed a complaint, as, they argue, is required under section 40 (a) of the superceded Amended Hotel Code. We find that respondent's interpretation of section 40 (a) as applying only to owner-initiated complaints is rational. Moreover, respondent has offered a rational basis for distinguishing the within hotel services refunds from rent rollbacks ordered for failure to provide baseline services under apartment building stabilization *(cf., Matter of Martin,* Div. of Hous. & Community Renewal Order No. ART 2532-L [Aug. 14, 1985]) as they serve

different purposes. Hotel services refunds are essentially refunds for services which were paid for and not received, while rent rollbacks for failure to provide base date required services are not related to value and serve primarily as an incentive to encourage a landlord to provide the service or as punishment for the failure to do so. DHCR has, thus, met its burden to withstand judicial review of its action.

We have considered petitioner's remaining arguments and find them without merit. Concur—Ellerin, J. P., Wallach, Kupferman and Ross, JJ.