■ In the Matter of 245 CENTRAL PARK ASSOCIATES, Respondent-Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant-Respondent. [597 NYS2d 388] — Order and judgment (one paper), Supreme Court, New York County (David B. Saxe, J.), entered November 12, 1991, which in a proceeding pursuant to CPLR article 78 (1) annulled so much of respondent's order of May 23, 1990 as (a) set the rent for all stabilized tenants, both complaining and non-complain-

ing, as that charged and paid on June 30, 1982, and (b) restored hotel rather than apartment guidelines increases for lease renewals from June 30, 1982 to March 12, 1985; (2) confirmed so much of respondent's order as (a) set the rent for the complaining stabilized tenants as that charged on March 12, 1985, as reduced by the amounts recommended by Ernst & Whinney representing the value of hotel services not provided at no additional charge, and which rents were to be thereafter adjusted based on leases actually signed after June 30, 1982 utilizing the renewal percentages contained in the applicable apartment Rent Guidelines Board orders, and (b) set the rent for the non-complaining tenants as that charged on March 12, 1985, which rents were to be adjusted based on leases actually signed after June 30, 1982 utilizing the renewal percentages contained in the applicable apartment Rent Guideline Board orders; and (3) remanded the proceeding to respondent for issuance of an order consistent with the court's order and judgment, unanimously modified, on the law, to the extent of vacating so much of such order and judgment as granted the petition, denying the petition in toto, and confirming respondent's order in all respects, without costs.

The original order in this matter was respondent's order of March 12, 1985, which was entered in response to complaints by the tenants of 132 apartments in the former Alden Hotel on Central Park West that, although they were being charged hotel-stabilization rental rates, they were not receiving appropriate hotel services and furnishings and that their accommodations were advertised and rented to them as stabilized apartments rather than hotel accommodations. Petitioner, the owner, did not respond to respondent's inquiry regarding the provision of hotel services, but requested that the building be reclassified as an apartment house effective as of the date of respondent's order with no retroactive rent rollback.

In its order, respondent reclassified the building as a rent stabilized apartment house and rolled back the rents of the complaining tenants, as well as those of all other stabilized tenants in the building, to the rents charged and paid on June 30, 1982, pursuant to sections 33 (g) and 60 of the Amended Code of the Metropolitan Hotel Industry Stabilization Association, Inc. (Amended Hotel Code). Administrative appeals were denied and both the owner and tenants commenced article 78 proceedings, both of which were dismissed by judgment (Alfred M. Ascione, J.), entered June 9, 1986.

Subsequently, the owner sought renewal of its proceeding and a remand to respondent in light of the Court of Appeals October 14, 1986 decision in *Matter of Berkeley Kay Corp. v New York City Conciliation & Appeals Bd.* (68 NY2d 851, 854), which held, in pertinent part, that the Conciliation and Appeals Board and its successor, respondent Division of Housing and Community Renewal, could order the owner of a former residential hotel, since converted to a rent stabilized apartment building, to refund to complaining tenants that portion of past rents which reflected the value of hotel services not provided, but that adjustments pursuant to section 33 of the Amended Hotel Code could not be made to non-complaining tenants and could not be used to justify a pre-1983 reclassification of the property and rollback of the rents, June 30, 1983 being the effective date of section 43 of the Omnibus Housing Act of 1983 (L 1993, ch 403; now codified at Administrative Code of City of NY § 26-506). Petitioner's motion was granted in a judgment entered June 15, 1987 and the matter was remanded to respondent.

Upon reconsideration, respondent issued its order and opinion, dated May 23, 1990, which is the subject of this proceeding. The order, *inter alia,* annulled the building-wide rent rollback for the period from June 30, 1982 to March 12, 1985; set the rent for all stabilized tenants, both complaining and non-complaining, as that charged and paid on June 30, 1982; restored all hotel rent guidelines increases from June 30, 1982 to March 12, 1985 and thereafter applied standard apartment stabilization guidelines based on leases actually executed; and, adjusted the rent for all complaining tenants for the period from June 30, 1982 to March 12, 1985 to reflect a reduction from the rent of the value of hotel services which were not provided. In determining the value of such services, respondent relied upon a report prepared for it by the accounting firm of Ernst & Whinney, which was based on its exhaustive study into the City-wide costs for such services.

In the order and judgment appealed from, the IAS Court annulled that part of respondent's May 23, 1990 order which set the rent of all stabilized tenants, both complaining and non-complaining, as of June 30, 1982 and restored hotel rather than apartment guidelines increases from June 30, 1982 to March 12, 1985, the date the premises were reclassified as a rent stabilized apartment house.

The court was of the opinion that respondent's order was contrary to *Berkeley Kay (supra),* outside the scope of the remand and arbitrary and capricious inasmuch as *Berkeley*

*Kay* did not authorize respondent to establish a new rent for all tenants effective June 30, 1982 and expressly barred respondent from furnishing relief to non-complaining tenants. With respect to the use of hotel guidelines, the court held that respondent cannot maintain on the one hand that the building was an apartment house in July 1982 (although not formally classified as such until respondent's March 12, 1985 order) because it failed to provide hotel services to all tenants as mandated by section 3 (h) of the Amended Hotel Code and, on the other, that the building was a hotel for purposes of guidelines increases. We disagree.

Upon such remand, it was necessary for respondent, in order to carry out the mandate of *Berkeley Kay* by granting affirmative relief only to the complaining tenants who had not received various hotel services, to undo the effect of its March 12, 1985 order by restoring all tenants, both complaining and non-complaining, to the status quo ante, namely to restore the rent for all tenants to what it would have been had the March 12, 1985 order not revoked the prior hotel rent guidelines increases. In order to accomplish this and begin with a clean slate, it was necessary for respondent to restore hotel rent guidelines increases for all tenants, both complaining and non-complaining, before undertaking the affirmative task mandated by *Berkeley Kay* of valuing the hotel services not provided and limiting any retroactive rent reduction to complaining tenants only. To do otherwise would be to leave the non-complaining tenants with rent rollbacks to which they are not entitled under *Berkeley Kay*.

Under the circumstances, respondent's order was not contrary to *Berkeley Kay*, and was neither arbitrary nor capricious. Nor was it arbitrary and capricious for respondent to establish uniform values for hotel services on a City-wide basis *(see, Matter of Parker v Conciliation & Appeals Bd.,* 56 NY2d 678).

We have considered the parties' other contentions and we find them without merit. Concur—Sullivan, J. P., Wallach, Kupferman and Rubin, JJ.