■ In the Matter of CATALINA LOPEZ, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, and JAMES MAGLIOZZO et al., Intervenors-Appellants. [618 NYS2d 383] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated July 17, 1992, which denied the landlord's application for a certificate of eviction and remitted the matter to the New York State Division of Housing and Community Renewal for a further hearing, the intervenors James and Christina Magliozzo appeal from a judgment of the Supreme Court, Kings County (Dowd, J.), dated June 3, 1993, which annulled the determination, and the New York State Division of Housing and Community Renewal appeals, as limited by its brief, from so much of the same judgment as made certain findings of fact and limited the purpose of the further hearing.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof which made findings that the landlord could not have realized an 8½% return on the property and that the landlord genuinely intends to withdraw the tenants' apartment from the rental market and which limited the purpose of the further hearing to the issues of the economic status of the premises, the alleged mismanagement of the premises, and claims of harassment, and substituting therefor a provision remitting the matter to the New York State Division of Housing and Community Renewal for reprocessing of the landlord's application for a certificate of eviction; and as so modified, the judgment is affirmed, without costs or disbursements.

We agree with the conclusion of the Supreme Court that the audit of the landlord's property conducted by the New York State Division of Housing and Community Renewal (hereinafter the DHCR) was flawed in several respects. Specifically, the audit failed to include the landlord's documented expenses with regard to mortgage payments, sewer charges, water charges, and real estate taxes. In addition, the audit amortized the total amount of the landlord's home improvement loan over a 10-year period despite the fact that the loan was actually being amortized over a five-year period. As these operating expenses were not properly considered by the DHCR, its determination should be annulled.

The Supreme Court erred, however, in making certain findings and remitting the matter to the DHCR for a hearing on limited issues. Having concluded that the audit was errone-

ously prepared, the court should have simply remitted the matter to the DHCR to reprocess the landlord's application for a certificate of eviction, rather than making its own findings and limiting the issues on remittitur *(see, Matter of Ansonia Assocs. v State Div. of Hous. & Community Renewal,* 147 AD2d 420). Bracken, J. P., Copertino, Joy and Altman, JJ., concur.