■ In the Matter of STANLEY MARDER et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [631 NYS2d 845] —Order and judgment (one paper), Supreme Court, New York County (Beatrice Shainswit, J.), entered August 8, 1994, which denied petitioner tenants' application pursuant to CPLR article 78 to annul respondent's denial of petitioners' overcharge complaint, unanimously affirmed, without costs.

Although tenants' claim herein, that the owner had fraudulently registered the premises as a hotel and that therefore "the presence of unique or peculiar circumstances" (Administrative Code of City of NY § 26-513 [a]) warranted respondent agency's discretionary adjustment of their initial legal regulated rent, is not precisely the same as the claims for rent rollbacks and building reclassification rejected in *Matter of Berkeley Kay Corp. v New York City Conciliation & Appeals Bd.* (68 NY2d 851) and *Matter of 24 Fifth Ave. Assocs. v New York State Div. of Hous. & Community Renewal* (69 NY2d 808), and the tenants herein were not parties to those proceedings, under the circumstances, the IAS Court properly relied on the above-cited decisions, and correctly barred the instant claim nonetheless. While collateral estoppel may not be technically applicable, it is nonetheless clear that petitioners' original rent overcharge claim relied explicitly on the 1984 Conciliation and Appeals Board opinion that is the basis for recovery for the other tenants, and that, in shifting their litigation theory in the subsequent overcharge claim, petitioners strategically and conscientiously "opted out" of the other tenants' proceeding when they could have easily intervened and pressed the same, or different, claims forward. This tactic should not be allowed to defeat the goal of consistency in administrative adjudications. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.