■ In the Matter of BENJAMIN SHAPIRO REALTY COMPANY, Appellant-Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent-Appellant. [769 NYS2d 226]—

Judgment, Supreme Court, New York County (Walter Tolub, J.), entered April 22, 2002, which denied petitioner owner's application to annul respondent Division of Housing and Community Renewal's (DHCR) determination reclassifying petitioner's building from a hotel to an apartment building, found that respondent did not determine whether such reclassification can be applied retroactively, and dismissed the petition without prejudice to revisiting the issue of retroactivity, unanimously modified, on the law, to find that respondent did determine that the reclassification can be applied retroactively, and to confirm respondent's determination in its entirety, including the award of rent overcharges, and otherwise affirmed, without costs.

Respondent's determination reclassifying petitioner's building from a hotel to an apartment building is rationally based on petitioner's failure to show that it is providing requisite hotel services to at least 51% of the building's permanent tenants (Rent Stabilization Code [9 NYCRR] § 2521.3 [b]). DHCR's interpretation of the term "permanent tenant" as an occupant who, inter alia, has continuously resided in the building for at least six months, without regard to whether the unit is exempt from regulation under Rent Stabilization Code § 2520.11 (g) (2) by reason of the unit's former high rent, is in accord with the plain definition of "permanent tenant" contained in Rent Stabilization Code § 2520.6 (j), as well as the plain purpose of the law that a building holding itself out as a hotel should provide hotel services (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-506 [b]; Rent Stabilization Code § 2521.3 [a]). Petitioner's argument that a "permanent tenant" can only exist in a rent-stabilized unit, and that exempt former high-rent units therefore should be excluded from the 51% inquiry, could result in a building retaining its hotel classification even though only a few of the units presently receive hotel services. Here, for example, although respondent's notice of opportunity to submit evidence requested that petitioner provide information concerning petitioner's provision of hotel services building-wide, petitioner restricted its proof to stabilized units, showing that only 26 units of the 131 in the building were being offered hotel services.

We reject petitioner's claim that respondent adopted a new interpretation of the reclassification standard without notice and due process. As the IAS court stated, petitioner acted at its own peril in not responding to the clear and unambiguous language of respondent's notice to submit.

The IAS court erred in failing to address that portion of respondent's order as determined the amount of overcharges to be refunded to the complaining tenants. In this regard, we find that upon reclassification, respondent could retroactively roll back rents to June 30, 1983, the effective date of Rent Stabilization Law § 26-506 (b), authorizing respondent to reclassify hotels as apartment buildings based upon the services provided (*cf. Matter of Berkeley Kay Corp. v New York City Conciliation & Appeals Bd.*, 68 NY2d 851, 854 [1986]), subject to the four-year limitation on rent overcharge complaints (Rent Stabilization Law § 26-516 [a] [2]). Accordingly, we modify the IAS court's order so as to confirm respondent's determination in its entirety, including the overcharges awarded the complaining tenants. Concur—Nardelli, J.P., Tom, Mazzarelli and Ellerin, JJ.