25 West 24th Street Realty Corp., Petitioner-Appellant, - against
against
Anthony Zayas, Calendar No. 16-455 Respondent-Respondent.
25 West 24th Street Realty Corp., Petitioner-Appellant, - Anthony Stanhope, Calendar No. 16-456 Respondent-Respondent.



In consolidated appeals, petitioner appeals from three orders of the Civil Court of the City of New York, New York County (Jack Stoller, J.), each entered March 21, 2016, which granted respondents' respective motions for summary judgment dismissing the petitions in these holdover summary proceedings.




Per Curiam.
Orders (Jack Stoller, J.), each entered March 21, 2016, affirmed, with one bill of $10 costs.
The summary judgment record establishes that petitioner, the operator of a Single Room Occupancy [SRO] facility located at 25 West 24th Street in Manhattan, entered into a Memorandum of Understanding [MOU], dated October 31, 2013, with the City of New York, [*2]acting through the Department of Social Services of the Human Resources Administration [HRA]. The MOU provided, inter alia, that petitioner "shall set aside . . . 30 of its rooms" for occupancy by eligible persons referred by HRA; petitioner "agrees to accept [such] referrals," register them and permit them to occupy a dwelling unit; permit such referrals to swipe their HRA benefit cards through an automated attendance system reader; notify HRA if an eligible person is no longer residing in the unit; submit monthly bills to HRA for payment, at the rate of $60 per night for each occupied room; and collect from such eligible person "contributions" if their income exceeds $359 per month. The MOU also provided that petitioner must obtain HRA approval before removing or evicting any eligible person. However, the MOU also expressly stated that:
"a referred eligible person who has become a permanent tenant in accordance with the provisions of 9 NYCRR §§ 2520.6(j) and 2522.5(a)(2) of the New York City Rent Stabilization Code, or has resided in the facility for thirty (30) consecutive days or longer shall only be removed or evicted pursuant to a warrant of eviction or other order of a court of competent jurisdiction or a governmental vacate order."
It is not disputed that each of the respondents were individuals referred to petitioner's SRO building by HRA in accordance with the terms of the MOU and each respondent was permitted by petitioner to occupy a dwelling unit. It is also not disputed that respondents Stanhope and Gianquinto have continuously occupied their respective units since 2012, and respondent Zayas has occupied his unit since October 2011.
On this record, Civil Court correctly held that respondents established entitlement to summary dismissal of the licensee holdover proceedings. Respondents have conclusively established that they are not licensees, but "permanent tenant(s)" under Rent Stabilization Code (9 NYCRR) § 2520.6(j), since petitioner placed each respondent in occupancy of his respective SRO unit and each respondent "continuously resided" in said unit for more than six months (see Matter of Benjamin Shapiro Realty Co. v New York State Div. of Hous. & Community Renewal, 2 AD3d 220 [2003], lv denied 2 NY3d 708 [2004]). Indeed, the MOU expressly contemplated that individuals such as respondents, referred to petitioner by HRA, could become permanent tenants under the Code.
Petitioner's contention that the premises are exempt from rent regulation because of transient occupancy (see RSC § 2520.11[g]) is unavailing. Respondents' respective use of the premises cannot be deemed "transient," inasmuch as they have resided in their units for several years thus qualifying as "permanent tenant[s]" (see 9 NYCRR 2520.6[j]). We note, however, that Civil Court erred in relying upon the Appellate Division, First Department decision in Branic Intl. Realty Corp. v Pitt, 106 AD3d 178 (2013), reversed 24 NY3d 1005 (2014). That decision is no longer binding precedent, since the Court of Appeals reversed it and remitted the matter to the Appellate Division with directions to dismiss the petition solely on the ground of mootness. A reversal and remittur with directions to dismiss solely on the ground of mootness has the effect of preventing a judgment which is unreviewable as moot from spawning any legal consequences or precedent (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 718 [1980]).
We have considered petitioner's remaining arguments and find them unavailing
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 02, 2017