Matter of 8 Ave. Holdings LLC v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 00286)

Matter of 8 Ave. Holdings LLC v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 00286

Decided on January 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 21, 2025

Before: Kern, J.P., Kennedy, González, Mendez, Rodriguez, JJ. 

Index No. 153005/23 Appeal No. 3525 Case No. 2023-04660 

[*1]In the Matter of 8 Avenue Holdings LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.

Sidrane, Schwartz-Sidrane Perinbasekar & Littman, LLP, Rockville Centre (Michael Littman of counsel), for appellant.
Mark F. Palomino, New York (Yeepan P. Zhu of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about July 28, 2023, which denied the petition to annul the January 31, 2023 determination of respondent New York State Division of Housing and Community Renewal (DHCR), denying petitioner's application for an exemption from the Rent Stabilization Law based upon its alleged substantial rehabilitation of the building, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The administrative agency charged with enforcing a statutory mandate has broad discretion in evaluating the pertinent factual data and the inferences to be drawn from that data (see Matter of Wembly Mgt. Co. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 205 AD2d 319, 319 [1st Dept 1994], lv denied 85 NY2d 808 [1995]), and DHCR's determination was not arbitrary and capricious (CPLR 7803[3]; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Under the Rent Stabilization Code and Operational Bulletin 95-2, DHCR determines applications for substantial rehabilitation exemptions based on the totality of the circumstances (see 9 NYCRR 2520.11[e]). The operational bulletin also provides a nonexclusive list of documents that DHCR may require for an owner applicant to submit in support of its claim of substantial rehabilitation.
In this case, although petitioner claimed that its work was completed in July 2011, the letter of completion issued by the Department of Buildings gives a completion date of April 25, 2019. Petitioner also registered the units in the building as rent stabilized with preferential rents between 2011 and 2021. As a result, it was not unreasonable for DHCR to require petitioner to submit the leases, renewals, and riders for current tenants to determine whether any preferential rents were provided because of ongoing construction and thus to identify the actual completion date (see Matter of 201 E. 81st St. Assoc. v New York State Div. of Hous. & Community Renewal, 288 AD2d 89, 90 [1st Dept 2001]). DHCR's denial of the exemption application was rationally based on the administrative record, including factual omissions created by petitioner's refusal to provide the requested documents (see e.g. Matter of Benjamin Shapiro Realty Co. v New York State Div. of Hous. & Community Renewal, 2 AD3d 220, 221 [1st Dept 2002], lv denied 2 NY3d 708 [2004]).
Contrary to petitioner's contention, DHCR did not deviate from its prior precedent (see Matter of Terrace Ct., LLC v New York State Div. of Hous. & Community Renewal, 18 NY3d 446, 453 [2012]). Petitioner's own evidence showed that the work was completed eight years after the date claimed, and DHCR explained why the refusal to provide additional evidence precluded a finding that petitioner proved its entitlement to an exemption.
We have considered petitioner's [*2]remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2025